UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF
TUG CHAMPION, INC.,
as owner, et al.,

CASE NO: 8:10-cv-340-T-23TBM

Plaintiffs.
_____/

**ORDER**

Pursuant to 46 U.S.C. § 30511 and Supplemental Rule F, Federal Rules of Civil Procedure, Tug Champion, Inc.; McCulley Marine Services, Inc.; Pine Island Towing Company; and John W. McCulley (the "plaintiffs") seek exoneration from or limitation of liability for any claim resulting from a July 4, 2009, incident resulting in the death of Jose H. Medina.[1] In accord with Supplemental Rule F(3), a February 5, 2010, order (Doc. 4) enjoins the prosecution of any action or proceeding against the plaintiffs or the plaintiffs' property arising from the death of Medina. The personal representative of Medina's estate, Christie L. Soto, submits stipulations purporting to protect the plaintiffs' rights under the Limitation of Liability Act and moves to dissolve the injunction to allow Soto to litigate her wrongful death claim against the plaintiffs in state court. See Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996). For the reasons stated both in the plaintiffs' response (Doc. 38) in opposition to dissolution of the injunction and in Beiswenger, 86 F.3d at 1040-44, Soto's amended stipulations fail adequately to

---

[1] The incident is further described in the complaint (Doc. 1-2) filed in state court by Christie L. Soto as the personal representative of the estate of Jose H. Medina.

protect the plaintiffs' right to limitation of liability. Accordingly, the amended stipulations (Doc. 31 at 5-7) are **REJECTED**, and Soto's second amended motion (Doc. 31) to dissolve the injunction is **DENIED WITHOUT PREJUDICE**. Soto's amended motion to dissolve the injunction (Doc. 12), "motion to supplement initial stipulations"[2] (Doc. 28), "second motion to stay exoneration/limitation of liability action" (Doc. 29), and motion to "withdraw the filing of Claimant's first amended stipulations" (Doc. 33) are **DENIED AS MOOT**.

Finally, the plaintiffs' move (Doc. 35) for "an Order noting the defaults of all persons and entities who have failed to file claims or answers by the monition deadline of March 26, 2010, and barring the filing of future claims against Plaintiffs . . . arising from the events of July 4, 2009, as more fully set forth in the Complaint." A February 5, 2010, order (Doc. 4) directs the plaintiffs (1) to publish a notice of this action in the Bradenton Herald and the St. Petersburg Times once per week for four consecutive weeks and (2) to mail a copy of this notice to any known claimant. The February 5, 2010, order directs any person asserting a claim stemming from the July 4, 2009, incident described in the complaint to file and serve the claim or opposition with Clerk on or before March 26, 2010. The plaintiffs complied with the publication and notice requirements of the February 5, 2010, order, and the deadline for filing a claim has passed. Upon the plaintiffs' request, the Clerk entered default (Doc. 34) as to any "non-

---

[2] Requesting permission to amend various motions and other papers, counsel for Soto repeatedly cites Rule 15, Federal Rules of Civil Procedure, which addresses "amended and supplemental pleadings." Counsel for Soto is directed to Rule 7, Federal Rules of Civil Procedure, which distinguishes a "pleading" from a "motion" or "other paper."

- 2 -

filing claimant." Because the Clerk's default effects the requested relief, the plaintiffs' motion (Doc. 35) is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on April 26, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy