# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

### CASE NO.: 8:10-cv-00340-SDM-TBM

IN THE MATTER OF:

THE COMPLAINT OF TUG CHAMPION, INC.,
AS OWNER, JOHN W. MCCULLEY, AS
OWNER PRO HAC VICE, AND MCCULLEY
MARINE SERVICES, INC., AS BAREBOAT
CHARTERER OF TUG CHAMPION, Its Engines,
Tackle, Appurtenances, Equipment, Etc., IN A
CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY

And

THE COMPLAINT OF PINE ISLAND TOWING
COMPANY, AS BAREBOAT CHARTERER, AND
JOHN W. MCCULLEY, AS OWNER PRO HAC
VICE, OF THE BARGE MOBRO 138, Its Engines,
Tackle, Appurtenances, Equipment, Etc., IN A
CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY.

_____/

### MOVANT/CLAIMANT CHRISTIE L. SOTO'S THIRD AMENDED MOTION TO DISSOLVE INJUNCTION AND STAY EXONERATION/LIMITATION OF LIABILITY ACTION SO AS TO ALLOW MOVANT/CLAIMANT TO PROCEED WITH HER WRONGFUL DEATH ACTION IN FLORIDA STATE COURT ALONG WITH HER SECOND AMENDED STIPULATIONS/MEMORANDUM OF LAW IN SUPPORT

COMES NOW movant/claimant CHRISTIE L. SOTO, as Personal Representative of the

Estate of Jose H. Medina, by and through undersigned counsel, and pursuant to 28 U.S.C.

§1333(1) and Local Rule 3.01(g), would hereby file her third amended motion to dissolve the

injunction herein and stay these proceedings in accordance with this Court's Orders of April 26,

2010 and May 3, 2010, denying without prejudice claimants second amended motion and renewed second amended motion, and would file her second amended stipulations attached hereto as Exhibit "A", and in support would allege:

## FACTUAL BASIS FOR MOTION

This Court granted indemnity claimant CITY OF BRADENTON BEACH's unopposed motion to dismiss, dismissing the only other claim pending before this Court in this limitation/exoneration action, thereby leaving claimant CHRISTIE L. SOTO as the sole claimant, prosecuting her single claim under LOLA (Doc. 45). In response to this Court's Order of April 26, 2010 (Doc. 39), and May 3, 2010 (Doc. 46), claimant SOTO has amended her stipulations, attached hereto as Exhibit "A", which attempt to address the remaining two (2) issues of the three (3) issued raised in plaintiffs response in opposition to claimant SOTO's motion to dissolve injunction and stay these proceedings (Doc.38)[1] Further, pursuant to Local Rule 3.01(g), undersigned counsel has conferred with counsel for complainants on the substance of this motion and stipulations, and counsel cannot agree.

## MEMORANDUM OF LAW IN SUPPORT

Federal courts have exclusive admiralty jurisdiction to determine whether a vessel owner is entitled to limited liability. Ex parte Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932); Langnes v. Green, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931). However, the same statute that grants the federal courts exclusive admiralty jurisdiction saves to suitors "all other remedies to which they are otherwise entitled." 28 U.S.C. §1331(1). The "savings to suitors" clause of

---

[1] This Court's Order dismissing CITY OF BRADENTON BEACH's indemnity claim renders moot plaintiffs' third issue that this LOLA proceeding involves multiple claimants and multiple claims, thereby necessitating the involvement of others in joining claimant SOTO's stipulations.

2

§1333 embodies a presumption in favor of jury trials and common law remedies in the forum of the plaintiff's choice.  See Odeco Oil & Gas Co. v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996); In re Dammers, 836 F.2d 750, 754 (2d Cir. 1988).  Thus, a tension exists between the exclusive jurisdiction vested in the admiralty courts to determine a vessel owner's right to limited liability and the savings to suitors clause.  See, e.g., Jefferson Barracks Marine Serv., Inc. v. Casey, 763 F.2d 1007, 1009 (8th Cir. 1985) ("The conflict between the Limitation of Liability Act ... and the 'saving to suitors' clause ... has been troublesome for the courts.")  In resolving this tension, the "primary concern is to protect the shipowner's right to claim the act's liability cap, and to reserve the adjudication of that right in the federal forum."  Beiswenger Enters. Corp., 86 F.3d 1032, 1037 (11th Cir. 1996) (quoting Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp., 964 F. 2d 1571, 1575 (5th Cir. 1992)).

To accommodate the competing interests of a shipowner's right to limit liability and a claimant's right to a trial by jury, the Supreme Court has established two situations in which a claimant must be allowed to pursue a claim before a jury.  See Langnes, 282 U.S. 531, 51 S.Ct. 243; Green, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212.  The first situation is where the value of the limitation fund (value of vessel plus freight) exceeds the total value of all claims asserted against the vessel owner, see Odeco, 74 F.3d at 674, and the second is where only one claim is asserted against the vessel owner.  See Lake Tankers Corp. v. Henn, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed. 2d 1246 (1957); In re Dammers, 836 F.2d 750, 755 (2d Cir. 1988).

In this second situation, the district court is obligated to dissolve its injunction against all other legal proceedings when only one claim is asserted against the shipowner and sufficient stipulations are filed.  When a single claimant brings an action seeking damages in excess of the

limitation fund, the district court must lift the stay against other proceedings if the claimant concedes the admiralty court's exclusive jurisdiction to determine all issues relating to the limitation of liability. Green, 286 U.S. at 438-40, 52 S.Ct. 602; Langnes, 282 U.S. at 540-44, 51 S.Ct. 243; In re Dammers, 836 F.2d at 755. In the situation of a single claimant, the district court must lift the stay while the state court action is permitted to continue until a judgment is rendered. See, e.g., In re Mucho K, Inc., 578 F.2d 1156, 1158 (5th Cir. 1978); In re Zapata Gulf Marine Corp., 787 F.Supp. 612, 613 (E.D. La. 1992). While the state court action is pending adjudication, the limitation action is held in abeyance. Langnes, 282 U.S. at 540, 51 S.Ct. 243. Wrongful death claims asserted by the Personal Representative here in Florida state court are considered a "single claim" under LOLA. See Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996). Complainants have averred in their Complaint at paragraph 21 that the only claims they know of arising out of the incident are the claims of surviving wife and surviving five children of JOSE H. MEDINA, deceased. In fact, their claims, as well as the seventh claim of the Estate must be brought by the Personal Representative CHRISTIE L. SOTO as a single claim under Florida law. See 768.21 Fla. Stat. (2007).

In the instant cause, movant/claimant CHRISTIE L. SOTO has prepared and filed herein her second amended stipulations deemed sufficient by the Eleventh Circuit to satisfy her burden. See Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996). When adequate stipulations are filed that ensure all limitation issues are preserved for the federal court, then a vessel owner's rights are preserved and a concursus is unnecessary. In re Illinois Marine Towing, Inc., 498 F.3d 645, 652 (7th Cir 2007). Consequently, movant/claimant is entitled to her pursuit of complainants in her wrongful death action in state court.

WHEREFORE movant/claimant prays for the dissolving of the injunction and the lifting of the stay entered herein, and for such other and further relief that this court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this 5th day of May, 2010 to: **STEVEN M. JOHNSON, ESQ., MARC R. WILLIAMS, ESQ.**, Johnson & Williams, P.A., 111 N. Orange Avenue, Suite 1445, Orlando, Florida 32801; **MICHAEL J. BRADFORD, ESQ., ROBERT BIRTHISEL, ESQ., JONAH M. LEVINE, ESQ., JULES V. MASSEE, ESQ.**, Hamilton, Miller & Birthisel, LLP, 100 South Ashley Drive, Suite 1210, Tampa, Florida 33602; and **GREGORY W. HOOTMAN, ESQ.**, Gregory W. Hootman, P.A., 2055 Wood Street, Ste. 103, Sarasota, FL 34237.

_____

**ERIC H. FADDIS, ESQ.**
Florida Bar No: 457590
eric@faddiswarner.com
**TIFFANY M. FADDIS, ESQ.**
Florida Bar No.: 0630667
tiffany@faddiswarner.com
FADDIS & WARNER, P.A.
5250 South U.S. Hwy 17-92
Casselberry, FL 32707
Telephone: 407-872-1050
Facsimile: 407-843-0420

**STEVEN M. JOHNSON, ESQ.**
Florida Bar No.: 0800188
smjohnson109@yahoo.com
**MARC R. WILLIAMS, ESQ.**
Florida Bar No.: 0984604
marcrwilliams@johnsonandwilliams.com
JOHNSON & WILLIAMS, P.A.
111 N Orange Ave, Suite 1445
Orlando, Florida  32801
Telephone:  407-245-1268
Facsimile:  407-245-3643
Attorneys for Plaintiff
Christie L. Soto, as Personal Representative of the
Estate of Jose H. Medina, *deceased*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:10-cv-00340-SDM-TBM

IN THE MATTER OF:

THE COMPLAINT OF TUG CHAMPION, INC.,
AS OWNER, JOHN W. MCCULLEY, AS
OWNER PRO HAC VICE, AND MCCULLEY
MARINE SERVICES, INC., AS BAREBOAT
CHARTERER OF TUG CHAMPION, Its Engines,
Tackle, Appurtenances, Equipment, Etc., IN A
CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY

And

THE COMPLAINT OF PINE ISLAND TOWING
COMPANY, AS BAREBOAT CHARTERER, AND
JOHN W. MCCULLEY, AS OWNER PRO HAC
VICE, OF THE BARGE MOBRO 138, Its Engines,
Tackle, Appurtenances, Equipment, Etc., IN A
CAUSE OF EXONERATION FROM OR
LIMITATION OF LIABILITY.

_____/

## SECOND AMENDED STIPULATIONS OF MOVANT/CLAIMANT IN SUPPORT OF MOTION TO DISSOLVE INJUNCTION AND STAY LIMITATION OF LIABILITY ACTION SO AS TO ALLOW MOVANT/CLAIMANT TO PROCEED WITH HER WRONGFUL DEATH ACTION IN FLORIDA STATE COURT

COMES NOW movant/claimant CHRISTIE L. SOTO, as Personal Representative of the

Estate of JOSE H. MEDINA, deceased, and pursuant to 28 U.S.C. §1333 and controlling federal

precedent, would hereby make the following stipulations on the basis that in exchange, she be

permitted to proceed in her state filed wrongful death action, and would state:

1
Faddis & Warner, P.A.
5250 South US Highway 17-92, Casselberry, Florida 32707

Exhibit "A"

Movant/Claimant CHRISTIE L. SOTO, as Personal Representative of the Estate of JOSE H. MEDINA, deceased, stipulates and agrees as follows:

1.      Complainants TUG CHAMPION, INC., as owner, JOHN W. MCCULLEY, as owner pro hac vice, and MCCULLEY MARINE SERVICES, INC, as bareboat charterer of the TUG CHAMPION, INC. and PINE ISLAND TOWING COMPANY, as bareboat charterer, and JOHN W. MCCULLEY, as owner pro hac vice, of the barge MOBRO 138 (collectively "OWNERS") have the right to litigate the issues of exoneration from and limitation of liability under the provisions of the Limitation of Liability Act, 28 U.S.C. §1333 and 46 U.S.C. 30501 et seq., in this Court, and this Court has exclusive jurisdiction to determine such issues.  Further movant/claimant will not raise the issues of exoneration from and limitation of liability in the state court proceedings.

2.      Any and all issues of the value of the subject tug CHAMPION and barge MOBRO 138 shall be litigated before this Court, as this Court has exclusive jurisdiction over such issues.

3.      Movant/Claimant will not seek a determination of the issues set forth in paragraphs 1 and 2 above in the state court proceeding, or for that matter, in any other forum, including federal or state outside of these proceedings, and consents to waive any res judicata effect or issue preclusion effect the decisions, rulings or judgments of the state court, or any other forum, including federal or state outside of these proceedings might have on all issues relating to all matters reserved exclusively for determination by this Court.

4.      Movant/Claimant will not seek to enforce any judgment rendered in state circuit court and/or in any other forum, including federal or state outside of these proceedings, until

such time as this Court has adjudicated the complainants rights to limitation and/or exoneration in these proceedings, and has granted claimant SOTO leave to enforce such judgment, if any.

5.    Movant concedes that any insurance funds covering the complainants herein are not included as a component of any limitation fund ultimately found by this court should complainants prevail herein.

6.    In the event this Court ultimately determines that complainants may exonerate themselves from, or limit their liability, movant/claimant will give first priority to complainants' respective claim(s) for attorneys fees and costs awarded by this court in any recovery made in the state court proceedings.

7.    Movant/Claimant will not seek to enforce any judgment rendered in any state court and/or in any other forum, including federal or state outside of these proceedings, whether against the complainants or another person or entity that would be entitled to seek indemnity or contribution from the complainants, by way of cross-claim or otherwise, that would expose the complainants to liability in excess of limitation value asserted by complainants, until such time as this court has adjudicated the complainants right to limit that liability.

_____
CHRISTIE L. SOTO

STATE OF FLORIDA
COUNTY OF Seminole

The foregoing instrument was acknowledged before me this 5th day of May, 2010, by CHRISTIE L. SOTO.

(NOTARY SEAL)

_____
(TYPE NAME OF NOTARY HERE)
____ personally known to me; or _____ Produced Identification
Type of Identification Produced_____

Notary Public State of Florida
Lourdes Perez
My Commission DD978229
Expires 04/01/2014

Faddis & Warner, P.A.
5250 South US Highway 17-92, Casselberry, Florida 32707

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this ___5th___ day of May, 2010 to: **STEVEN M. JOHNSON, ESQ., MARC R. WILLIAMS, ESQ.**, Johnson & Williams, P.A., 111 N. Orange Avenue, Suite 1445, Orlando, Florida 32801; **MICHAEL J. BRADFORD, ESQ., ROBERT BIRTHISEL, ESQ., JONAH M. LEVINE, ESQ., JULES V. MASSEE, ESQ.**, Hamilton, Miller & Birthisel, LLP, 100 South Ashley Drive, Suite 1210, Tampa, Florida 33602; and **GREGORY W. HOOTMAN, ESQ.**, Gregory W. Hootman, P.A., 2055 Wood Street, Ste. 103, Sarasota, FL 34237.

_____
**ERIC H. FADDIS, ESQ.**
Florida Bar No: 457590
eric@faddiswarner.com
**TIFFANY M. FADDIS, ESQ.**
Florida Bar No.: 0630667
tiffany@faddiswarner.com
FADDIS & WARNER, P.A.
5250 South U.S. Hwy 17-92
Casselberry, FL 32707
Telephone: 407-872-1050
Facsimile: 407-843-0420

**STEVEN M. JOHNSON, ESQ.**
Florida Bar No.: 0800188
smjohnson109@yahoo.com
**MARC R. WILLIAMS, ESQ.**
Florida Bar No.: 0984604
marcrwilliams@johnsonandwilliams.com
JOHNSON & WILLIAMS, P.A.
111 N Orange Ave, Suite 1445
Orlando, Florida  32801
Telephone:  407-245-1268
Facsimile:  407-245-3643
Attorneys for Plaintiff
**Christie L. Soto, as Personal Representative of the Estate of Jose H. Medina,** *deceased*