UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF
TUG CHAMPION, INC.,
as owner, et al.,  CASE NO: 8:10-cv-340-T-23TBM

    Plaintiffs.
_____/

**ORDER**

Pursuant to 46 U.S.C. § 30511 and Supplemental Rule F, Federal Rules of Civil Procedure, Tug Champion, Inc.; McCulley Marine Services, Inc.; Pine Island Towing Company; and John W. McCulley (the "plaintiffs") seek exoneration from or limitation of liability for any claim resulting from a July 4, 2009, incident resulting in the death of Jose H. Medina.[1]  In accord with Supplemental Rule F(3), a February 5, 2010, order (Doc. 4) enjoins the prosecution of any action or proceeding against the plaintiffs or the plaintiffs' property arising from the death of Medina.  The personal representative of Medina's estate, Christie L. Soto, submits stipulations that protect the plaintiffs' rights under the Limitation of Liability Act and moves (Doc. 48) to dissolve the injunction to allow Soto to litigate her wrongful death claim against the plaintiffs in state court.  See Beiswenger Enterprises Corp. v. Carletta, 86 F.3d 1032 (11th Cir. 1996).  The plaintiffs move (Doc. 40) for leave to implead Manatee County, Florida, as a third-party defendant to Soto's claim for wrongful death.

The plaintiffs oppose (Doc. 53) Soto's motion to dissolve the injunction and argue that dissolution of the stay "will deprive Plaintiffs of their substantial admiralty rights."

---

[1] The incident is further described in the complaint (Doc. 1-2) filed in state court by Christie L. Soto as the personal representative of the estate of Jose H. Medina.

(Doc. 52 at 4) The plaintiffs argue that, because Section 768.28, Florida Statutes, limits Manatee County's liability for indemnity or contribution, "Plaintiffs' remedy will in admiralty will not be capped, whereas the same remedy in state court will be capped." (Doc. 52 at 5) This argument fails because Soto stipulates that she:

> will not seek to enforce any judgment rendered in any state court and/or any other forum, including federal or state outside of these proceedings, whether against the complainants or another person or entity that would be entitled to seek indemnity or contribution from the complainants, by way of cross-claim or otherwise, that would expose the complainants to liability in excess of the limitation value asserted by complainants, until such time as this court as adjudicated the complainants' right to limit that liability.

(Doc. 48 at 8)[2] Because Soto's second amended stipulations (Doc. 48 at 6-8) adequately protect this court's exclusive jurisdiction to adjudicate the plaintiffs' claim for exoneration from or limitation of liability, Soto's motion (Doc. 48) to dissolve the injunction is **GRANTED**. See Beiswenger, 86 F.3d at 1039 ("If the damage claimants can make a concursus unnecessary by stipulating to the amount of their claims, it follows that they also should be able to make a concursus unnecessary by transforming their multiple claims into the functional equivalent of a single claim. This procedure

---

[2] See also Jefferson Barracks Marine Serv., Inc. v. Casey, 763 F.2d 1007, 1011 (8th Cir. 1985) ("We are not impressed by appellees' argument that the state court proceeding deprives it of the use of Rule 14(c) of the Federal Rules of Civil Procedure. If claimants have a substantive right to pursue their cause of action under the 'saving to suitors clause,' it can hardly be abrogated by a federal procedural rule. Apparently, appellees are claiming that by impleading Paul Luster and Richard Stiles, the pleasure boat survivors, under 14(c), and assigning fault to them, the towboat owner would be absolved of that proportion of fault. Appellees misapprehend the law. Any judgment in favor of claimants in the limitation proceeding would be joint and several. As the Supreme Court recently pointed out, the maritime rule 'is in accord with the common law, which allows an injured party to sue a tortfeasor for the full amount of damages for an indivisible injury that the tortfeasor's negligence was a substantial factor in causing, even if the concurrent negligence of others contributed to the incident.' Edmonds v. Compagnie Generale Transatlantique, 443 U.S. 256, 260 (1979). The towboat owner would only have the right of contribution from Stiles and Luster for any fault assigned to them. The towboat owner has the same rights under Missouri state law. It can implead Stiles and Luster and have the jury apportion fault for the purpose of contribution. Missouri P. R. Co. v. Whitehead & Kales Co., 566 S.W.2d 466 (Mo. 1978). The liability, however, in both forums is joint and several.")

protects the vessel owner's rights under the Limitation Act, while allowing the damage claimants to pursue their common law remedies—a result consistent with the mandate of the saving to suitors clause."). The injunction (Doc. 4) against "any other proceeding against the plaintiffs or the vessels and stemming from the July 4, 2009, incident" described in the complaint is **DISSOLVED**, and the **STAY** is lifted.

Jurisdiction is **RETAINED** to protect this court's exclusive jurisdiction to adjudicate the plaintiffs' claims for exoneration from or limitation of liability. This action is otherwise **STAYED** pending resolution of Soto's action in state court. The parties are directed to (1) notify the court upon resolution of the state court action and (2) file a status report on December 1st and June 1st. Either party may move to re-open the case upon a showing of good cause. The Clerk is directed to **ADMINISTRATIVELY CLOSE** the case. The plaintiffs' motion (Doc. 40) for leave to implead Manatee County, Florida, is **DENIED WITHOUT PREJUDICE** to a renewed motion upon the Clerk's re-opening the case.

ORDERED in Tampa, Florida, on June 30, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: US Magistrate Judge
Courtroom Deputy